IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>GEORGE LOREN REED,<br>Individually and as Trustee<br>of the REED FAMILY TRUST;<br>DUANE REED, Individually and<br>as Trustee of the REED FAMILY<br>TRUST; LIDCO INC.; and<br>SHIRLEY LUNDY,<br><br>        Defendants. | No. CV-F-05-0431 REC LJO<br><br>ORDER SETTING THE HEARING<br>ON DEFENDANTS' MOTION TO<br>STAY FOR MONDAY, JULY 17,<br>2006, SETTING A BRIEFING<br>SCHEDULE, AND DIRECTING<br>DEFENDANTS TO FILE A<br>SUPPLEMENTAL BRIEF.<br><br>(Doc. 50) |

On February 2, 2006, the Court issued its Order Granting United States' Motion for Default Judgment, Final Judgment, and Order of Foreclosure (the "Order"). On May 3, 2006, Defendants George Loren Reed, Duane Reed, and Shirley Lundy (collectively "Defendants") filed a notice of appeal of the Order and a Motion for Stay of Final Judgment of 2nd Day of February, 2006 (the "Motion"). Defendants did not request that the Court set a date for oral argument on the Motion. Nor did the Defendants state

1

why a stay of the final judgment pending the outcome of an appeal is appropriate.

Defendants are not entitled to an automatic stay of the final judgment in this case. Under Rule 62 of the Federal Rules of Civil Procedure, an automatic stay is in place only for 10 days following the entry of judgment. This period has now lapsed.

Rule 62(d) permits an appellant to obtain a stay pending appeal by posting a supersedeas bond:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

A court may waive the supersedeas bond requirement in "extraordinary circumstances" where alternative means of securing the judgment creditor's interest are available. Holland v. Law, 35 F. Supp. 2d 505, 506 (S.D. W. Va. 1999); see Int'l Telemeter, Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee.").

Defendants shall file a supplemental brief in support of their motion to stay discussing (1) whether they must comply with the bond requirement of Rule 62(d) and, (2) if they must comply,

setting forth a plan to provide security by way of a supersedeas bond.  Failure to provide such a supplement will result in denial of the Motion.

ACCORDINGLY:

1. The Motion is set for hearing on Monday, July 17, 2006, at 1:30 p.m.
2. Defendants shall file a supplement to the Motion no later than June 19, 2006.
3. Plaintiff shall submit any briefing in opposition to the Motion by July 3, 2006.
4. Defendants shall file any reply to the opposition by July 10, 2006.

IT IS SO ORDERED.

**Dated:  May 8, 2006**                                  /s/ Robert E. Coyle
810ha4                                          UNITED STATES DISTRICT JUDGE

3