**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **United States of America,** | CV-F-05-0431 OWW LJO (NEW DJ) |
| **Plaintiff,** | ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR STAY OF FINAL JUDGMENT PENDING APPEAL (DOC. 50) |
| v. | |
| **GEORGE LOREN REED, Individually and as Trustee of the REED FAMILY TRUST; DUANE REED, Individually and as Trustee of the REED FAMILY TRUST; LIDCO INC.; and SHIRLEY LUNDY,** | |
| **Defendants.** | |

This case concerns the federal government's attempts to foreclose on real property to collect unpaid taxes. George Loren Reed, individually, Duane Reed, individually, and Shirley Lundy, individually, ("Defendants") move to stay the final judgment pending appeal. (Doc. 50, filed June 23, 2006.) The United States ("Plaintiff") opposes the motion. (Doc. 59, filed June 30, 2006.) The Reed Family Trust has not responded to the motion.

**A.   Background.**

In a previous action before this court, *United States v. George Raymond Reed*, Civ. No. F-88-106 EDP, the United States secured money judgments against George Raymond Reed and Gladys

1

Reed (collectively the "Taxpayers") in the amount of $283,272.33, plus penalties and interest since February 22, 1988.[1] On October 2, 1991, abstracts of these judgments were recorded with the County Recorder's Office for Stanislaus County. On March 11, 1992, the court allowed the United States to enforce its money judgments against the Taxpayers by foreclosing its federal tax liens on real property that Taxpayers owned. The foreclosure was not completed because of the Taxpayers' advanced age, their occupancy of the parcels, and the poor real estate market at that time.

On July 28, 2004, upon the deaths of the Taxpayers, the United States filed its motion for an amended order of foreclosure, seeking to enforce its money judgments against two parcels of real property. The government discovered additional parcels owned by George Raymond Reed and the Reed Family Trust encumbered by deeds of trust in favor of the three individual defendants.

On March 31, 2005, the United States initiated this action seeking to enforce its money judgments against three parcels of real property owned by the Taxpayers. (*See* Doc. 1, Compl.) Defendants are the heirs of the Taxpayers, successors in interest in this real property, and beneficiaries under deeds of trust encumbering the real properties. On June 10, 2005, the clerk of the court filed an entry of default against Defendants George

---

[1] An abbreviated version of the factual and procedural history is set forth here. The court's Order Granting United States' Motion for Default Judgment, Final Judgment, and Order of Foreclosure contains a more thorough recitation of the background of this case. (*See* Doc. 49 at 1:25-8:1.)

1  Loren Reed and Duane Reed.  (Doc. 23.)  On September 27, 2005,
2  default was entered against Defendant Shirley Lundy.  (Doc. 33.)
3       On November 2, 2005, Plaintiff filed its Motion for Default
4  Judgment, Final Judgment, and Order of Foreclosure.  (Doc. 36.)
5  Defendants did not file briefing in opposition to the motion or
6  appear at the hearing to oppose the motion.  Rather, on December
7  8, 2005, they sought an order to extend time so they could obtain
8  an attorney.  The Court continued the hearing until January 9,
9  2006.  Defendants did not appear and did not obtain an attorney.
10      On February 2, 2006, the court issued its Order Granting
11 United States' Motion for Default Judgment, Final Judgment, and
12 Order of Foreclosure (the "Order").  (Doc. 49.)  The Order
13 authorized the Internal Revenue Service to offer for public sale
14 certain real property (the "Property") held by Defendants and
15 subject to federal tax liens.  (Doc. 49 at 16:26-17:5.)  On May
16 3, 2006, Defendants filed their notice of appeal of the Order.
17 (Doc. 51.)
18      On May 3, 2006, Defendants filed a motion for stay of the
19 final judgment.  The motion was briefed and heard on September
20 17, 2006.  No appearance was made at the hearing on behalf of
21 Defendants.
22      Following the hearing, the court received by U.S. mail a
23 letter from George Loren Reed indicating that he had filed for
24 Chapter 11 bankruptcy on September 14, 2006.
25      On September 18, 2006, the Ninth Circuit's Order dismissing
26 Defendants appeal was filed, dismissing the appeal for failure to
27 file an opening brief (Doc. 64).
28      A court is permitted to take judicial notice of court

**3**

records in another case, including court records available to the public through the PACER system via the internet. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir.2004); *Jacobsen v. Schwarzenegger*, 357 F.Supp.2d 1198, 1207 (C.D.Cal.2004). The PACER system for the United States Bankruptcy Court for the Eastern District of California establishes that George Loren Reed filed a bankruptcy petition in Case No. 06-90363 on July 14, 2006 and that the bankruptcy petition was dismissed by Order filed on August 31, 2006. The PACER system for the United States Bankruptcy Court for the Eastern District of California establishes that George Loren Reed filed a bankruptcy petition in Case No. 06-90522 on September 13, 2006 and that the bankruptcy petition was dismissed by order filed on November 20, 2006.

**B. Recusal**.

The court, *sua sponte*, raises the issue of whether recusal is appropriate because the undersigned presided over a criminal matter involving a party in this case, George Loren Reed. Under 28 U.S.C. § 455(a), a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Recusal is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" *United States v. $292,888.04 in United States Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (holding that district judge who presided over party's criminal trial was not for that reason disqualified from related civil forfeiture case under section 455); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that in the absence of some extrajudicial source of bias or partiality,

"judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"); *United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002).

The undersigned presided over George Loren Reed's criminal proceedings in United States v. Knight, 1:95-cr-05174 OWW-LJO-ALL.  The court finds that nothing in the course of those proceedings evinces bias from an "extrajudicial source" that would cause the court's impartiality to reasonably be questioned. *See $292,888.04 in United States Currency*, 54 F.3d at 566.  Nor is there any bias against Mr. Reed, who was sentenced and presumably has paid his debt to society.

Accordingly, the court finds that recusal is not appropriate in this case.

   C. **Stay of Final Judgment Pending Appeal**.

Because the bankruptcy petitions filed by George Loren Reed have been dismissed, the automatic stay no longer prevents resolution of Defendants' motion for stay pending appeal.

Because Defendants' appeal to the Ninth Circuit has been dismissed, Defendants motion for stay of final judgment pending appeal is DENIED as moot.

IT IS SO ORDERED.

**Dated:   December 13, 2006**            /s/ Oliver W. Wanger
668554                              UNITED STATES DISTRICT JUDGE