1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,       )    1:05-cv-0431 OWW LJO
                                     )
10                  Plaintiff,       )    ORDER DENYING DEFENDANT
                                     )    GEORGE LOREN REED'S
11      v.                           )    APPLICATION FOR TEMPORARY
                                     )    RESTRAINING ORDER, ORDER TO
12  GEORGE LOREN REED, individually, )    STAY  VACATION OF PREMISES
    and as trustee to the REED       )    AND SALE OF PROPERTY (Doc.
13  FAMILY TRUST; DUANE REED,        )    74), DENYING MOTION TO SET
    individually, and as trustee to  )    ASIDE DEFAULT JUDGMENT
14  the REED FAMILY TRUST; LIDCO,    )    (Doc. 67) AND VACATING ORAL
    INC,; SHIRLEY LUNDY, an          )    ARGUMENT SET FOR MARCH 5,
15  individual,                      )    2007
                                     )
16                  Defendants.      )
                                     )
17  _____)

18

19      Defendant George Loren Reed, represented by attorney William

20  McPike, filed a Motion to Set Aside Default Judgment on January

21  4, 2006, noticing the motion for hearing on March 5, 2007.

22      On January 17, 2007, Mr. Reed, proceeding *in pro per*, filed

23  an Application for Temporary Restraining Order to Stay Vacation

24  of Premises and Sale of Property.  By this motion, Mr. Reed seeks

25  an order "staying governmental action in evicting him from the

26  premises on January 23, 2007, and in restraining any other

27  enforcement proceedings on its default judgment, until March 5,

28  2007, and until this Court arrives at an adjudication of his

                                 1

1  motion to vacate ....""

2      In substance, Mr. Reed asserts that the government's action
3  to collect taxes from Mr. Reed is improper as he does not owe
4  taxes, and that any obligation for such taxes for the year 1981
5  is time barred. Mr. Reed further relies on a transcript and the
6  statute of limitations which he asserts shows the taxes to be
7  time barred.  Mr. Reed further asserts that there is no tax
8  liability against Gladys Reed and Raymond Reed, and that a
9  release of levy filed March 30, 1994, is further evidence to
10  support his position.

11      The government's Opposition to these two motions was filed
12  January 19, 2007.

13      A.   <u>BACKGROUND FACTS</u>

14      Default judgment was entered in this case on February 2,
15  2006, and an order for foreclosure issued in favor of Plaintiff
16  United States of America, to enforce a money judgment entered
17  against George Loren Reed's deceased parents, George Raymond Reed
18  and Gladys Reed, for unpaid tax debts, against real property
19  located in Stanislaus County, California, particularly described
20  in the Complaint and Judgment, ("the Property").  Mr. Reed had
21  notice of this motion but did not file an opposition or appear at
22  the hearing.

23      Mr. Reed and his co-defendants filed a Notice of Appeal on
24  May 3, 2006, from the Order Entering Default Judgment and for
25  foreclosure of the property.  George Loren Reed also moved to
26  stay the enforcement of the judgment pending this appeal.  The
27  motion to stay enforcement was briefed and heard on September 17,
28  2006.  Following that hearing, the court received by U.S. mail a

2

1  letter from George Loren Reed indicating that he had filed for

2  Chapter 11 bankruptcy on September 14, 2006.  On September 18,

3  2006, the U.S. Court of Appeals for the Ninth Circuit dismissed

4  the appeal of Duane Reed, Shirley Lundy and George Loren Reed for

5  their failure to file an opening brief.  The PACER system for the

6  United States Bankruptcy Court for the Eastern District of

7  California establishes that George Loren Reed filed a bankruptcy

8  petition in Case No. 06-90363 on July 14, 2006 and that the

9  bankruptcy petition was dismissed by Order filed on August 31,

10  2006.  The PACER system for the United States Bankruptcy Court

11  for the Eastern District of California establishes that George

12  Loren Reed filed a bankruptcy petition in Case No. 06-90522 on

13  September 13, 2006 and that the bankruptcy petition was dismissed

14  by Order filed on November 20, 2006.  Because the automatic stay

15  no longer precluded resolution of the Motion for Stay Pending

16  Appeal, that motion was denied as moot based on the Ninth

17  Circuit's dismissal of the appeal by Order filed on December 15,

18  2006.

19       B.    THE LAW AND ANALYSIS

20            1.   APPLICATION FOR TEMPORARY RESTRAINING ORDER TO STAY

21  VACATION OF PREMISES AND SALE OF PROPERTY.

22       The Anti-Injunction Act, 26 U.S.C. 7421(a), provides that

23  "no suit for the purpose of restraining the assessment or

24  collection of any tax shall be maintained in any court by any

25  person, whether or not such person is the person against whom the

26  tax is assessed."  Section 7421(a) bars relief against the United

27  States as sovereign, unless an action is brought in exact

28  compliance with the terms of any statute under which the

                                   3

1  sovereign has consented to be sued. *United States v. Sherwood*,

2  332 U.S. 584, 590 (1941); *Gilbert v. DeGrossa*, 756 F.2d 1455,

3  1458 (9th Cir. 1985).  Subject to exceptions set forth in Section

4  7421(a), none of which here apply, the Anti-Injunction Act bars

5  District Courts from exercising jurisdiction over the United

6  States' assessment and collection of Federal taxes  to prevent

7  pre-enforcement judicial interference. *Bob Jones University v.*

8  *Simon*, 416 U.S. 725, 736 (1974).  Section 7421(a) prohibits suits

9  to restrain the assessment or collection of tax, and also

10 prevents the court from granting equitable relief. *Shannon v.*

11 *United States*, 521 F.2d 56, 58 (9th Cir. 1975), *cert. denied*, 424

12 U.S. 965 (1976).  A judicial exception to the Anti-Injunction Act

13 exists when a taxpayer demonstrates: (1) under no circumstances

14 can the United States ultimately prevail on the merits of the

15 case; and (2) the taxpayer will suffer irreparable injury without

16 injunctive relief. *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir.

17 1990).  If the United States has a good faith belief in its

18 claim, this is sufficient to establish United States may prevail

19 on the merits, and the taxpayer is not entitled to relief under

20 the judicially created exception to the Anti-Injunction Act.

21      The judgment sought to be enforced here were entered against

22 George Raymond Reed and Gladys Reed against the property.  The

23 money judgments and the order of foreclosure applicable to the

24 property have been adjudicated by final judgments of this Court.

25      The relief sought by George Loren Reed in the pending

26 Application for Temporary Restraining Order and Stay is

27 injunctive and equitable.  No applicable statutory exception to

28 the Anti-Injunction Act exists.  The equitable relief sought by

**4**

1  George Loren Reed is barred as a matter of law.

2         2.  <u>MOTION TO SET ASIDE DEFAULT JUDGMENT</u>

3      As noted, George Loren Reed, by attorney William McPike,

4  filed a Motion to Set Aside Default Judgment, noticing the motion

5  for hearing on March 5, 2007.

6      Upon review of the papers in connection with the Motion to

7  Set Aside Default Judgment, this motion is suitable for decision

8  without oral argument.  Rule 78-230(h), Local Rules of Practice.

9      George Loren Reed moves to set aside the default judgment

10 pursuant to pursuant to Rule 60(b), Federal Rules of Civil

11 Procedure.  Reed contends that he is entitled to relief because

12 of "mistake, inadvertence, surprise, or excusable neglect", Rule

13 60(b)(1), because of fraud, Rule 60(b)(3), and pursuant to Rule

14 60(b)(6), for "any other reason justifying relief from the

15 operation of the judgment."

16            a.  <u>Rule 60(b)(1) - Excusable Neglect</u>.

17     Default judgments are disfavored, and cases should be

18 decided on their merits whenever reasonably possible.  *Pena v.*

19 *Seguros La Commercial*, *S.A.,* 770 F.2d 811, 814 (9th Cir.1985).

20 The interest in finality of judgment "should give way fairly

21 readily, to further the competing interest in reaching the merits

22 of a dispute."  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d

23 691, 696 (9th Cir.2001).

24     The Ninth Circuit's standard for excusable neglect has

25 evolved over time, not always consistently, and is applied in a

26 three-part test explicated by *Falk v. Allen*, 739 F.2d 461, 463

27 (9th Cir.1984):

28          (1) whether Defendant engaged in culpable

1           conduct that led to the default;

2           (2) whether Defendant had a meritorious
            defense; or
3
4           (3) whether reopening the default judgment
            would prejudice Plaintiff.

5  (the 'Falk' factors).  A party's conduct is considered culpable

6  "if he has received actual or constructive notice of the filing

7  of the action and intentionally failed to answer." *Alan Newman*

8  *Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988).

9         But in 1983, in *Pioneer Investment Services Co. v. Brunswick*

10 *Associates, Ltd.*, 507 U.S. 380, 395 (1993), the Supreme Court

11 held that excusable neglect could encompass some *intentional*

12 failures to act, and explained that a court should determine

13 whether such intentional failures are excusable by examining a

14 number of equitable factors.  The Ninth Circuit, in *TCI,* 244 F.3d

15 at 698, examined whether the *Falk* factors and the holding from

16 *Alan Newman* were still valid after *Pioneer*.  *TCI* concluded these

17 holdings were still good law, after providing some clarification

18 of the pre-existing Ninth Circuit standards*.  See TCI*, 244 F.3d

19 at 697-699.

20        *TCI* reaffirmed that a party's conduct could be considered

21 culpable if that party "received actual or constructive notice of

22 the filing of the action and *intentionally* failed to answer."

23 *Id.* at 697.  However, in light of *Pioneer*, the "intentional

24 failure to answer" element must be interpreted narrowly.

25 Specifically,

26          Neglectful failure to answer as to which the
            defendant offers a credible, good faith
27          explanation negating any intention to take
            advantage of the opposing party, interfere
28          with judicial decisionmaking, or otherwise

                              **6**

1
2
3

> manipulate the legal process is not
> 'intentional' under our default cases, and is
> therefore not necessarily - although it
> certainly may be, once the equitable factors
> are considered - culpable or inexcusable.

4   *TCI,* 244 F.3d at 698-699.

5          In arguing that he is entitled to set aside the default

6   judgment because of excusable neglect, Mr. Reed avers in his

7   declaration:

8
9
10
11
12
13

> 4.   When I received a copy of the
> government's motion for entry of default
> judgment, I immediately sought legal advise
> [sic] from representatives at the Freedom Law
> School, which is located in Phelan,
> California.  At that time I was not
> represented by an attorney because I could
> not afford to hire one, and the legal advise
> [sic] from the Freedom Law School was the
> best I could do to preserve my defenses.

14
15
16
17
18
19

> 5.   I spoke to representatives at the law
> school and they indicated they would be able
> to respond to the government's motion and
> file a response for me.  I gave them the
> information pertinent to the defenses I
> intended to raise for the response to this
> motion.  I gave them the paperwork relevant
> to the tax periods (and tax assessment
> liability) I was contesting and paid them a
> fee for the work needed for them to prepare a
> response.

20
21
22
23
24
25
26
27
28

> 6.   Indeed, throughout the period after
> giving them the paperwork, I periodically
> called them and asked them for an update on
> the progress to their response.  The last
> time I called them for an update was
> approximately March of 2006, which was
> already too late in terms of filing a
> response because this Court had already
> decided the case by that time.  I didn't know
> this at the time, but it was apparent to me
> later, after learning that a decision had
> already been reached, that the Freedom Law
> School never filed a response on my behalf
> and did not do anything to defend my
> interests with respect to the government's
> motion for entry of a default judgment.
> Instead, they filed a Notice of Appeal, which
> did not address the concerns of this Court or

7

1          the issues of the government's motion.

2          Mr. Reed's declaration does not in any way explain his

3    failure to file an Answer to the Complaint or to the First

4    Amended Complaint.  Furthermore, the averments quoted above are

5    contradicted by the record in this action and before the Ninth

6    Circuit.  By Order filed on December 13, 2005, the hearing on the

7    Motion for Default Judgment was continued from December 19, 2005

8    to January 1, 2006, but George Loren Reed's request for a 60 day

9    extension of time to seek counsel was denied, the Court ruling

10   that Mr. Reed "has had ample time to obtain counsel in this

11   matter."  As noted, no opposition to the Motion for Default

12   Judgment was filed and no appearance at the hearing was made by

13   Mr. Reed.  Mr. Reed's averment that he did not know in March 2006

14   that the Motion for Default Judgment had been granted by Order

15   filed on February 2, 2006 is belied by the Court's certificate of

16   service, which shows service of that Order on Mr. Reed.

17   Furthermore, Mr. Reed's averment that law students at the Freedom

18   Law School filed the Notice of Appeal is false.  The Notice of

19   Appeal filed on May 3, 2006 (Doc. 51) is signed by George Loren

20   Reed as well as his co-defendants.  The PACER system for the

21   Ninth Circuit Court of Appeals for USCA Case No. 06-15877

22   establishes that the appeal was filed by George Loren Reed and

23   his co-defendants and, as noted, was dismissed for failure to

24   prosecute.

25          This record, when combined with Mr. Reed's failure to

26   prosecute the appeal to the Ninth Circuit and the dismissals of

27   the two bankruptcy petitions establishes that George Loren Reed's

28   failure to answer was intentional, culpable, and does not negate

                                   **8**

1  any intention to take advantage of the opposing party, interfere

2  with judicial decisionmaking, or otherwise manipulate the legal

3  process.[1]

4      The second element is whether the applicant has a

5  meritorious defense.  Mr. Reed argues that nobody owes the taxes

6  that are the underlying basis for the judgment upon which the

7  Order of Foreclosure was issued, further that any judgment is

8  barred by the statute of limitations.  As the United States

9  correctly argues, the money judgment upon which the Foreclosure

10 Order is based, was entered against his parents, George Raymond

11 Reed and Gladys Reed for their tax debts, not the tax debts of

12 George Loren Reed.  The tax debts for the tax periods in the

13 underlying action were all reduced to judgment that is now final

14 as the Ninth Circuit dismissed the appeal of George Loren Reed

15 and others.  No petition for cert was ever filed.  The statute of

16 limitations does not bar enforcement of the judgment, because the

17 _____

18 [1]Furthermore, Mr. Reed's excuse that he mistakenly relied
   upon legal advice from the "Freedom Law School" does not provide
19 justification to set aside the default judgment.  *United States
   v. Scharringhausen*, 226 F.R.D. 406, 409 (S.D. Cal. 2005) (a
20 litigant cannot avoid the consequences of a legal advisor's acts
   or omissions) (citing, *Link v. Wabash Railroad Co.*, 370 U.S. 626,
21 633-34 (1962).  Mr. Reed has suffered criminal convictions in a
   related case, *United States v. Knight*, *et al.*, No. CR-F-95-5174
22 OWW/LJO, where actions he took in the year 1994 and prior, to
   attempt to defeat tax liability of himself and his parents, to
23 the Internal Revenue Service, and to keep the real property at
   issue, from being levied on or otherwise foreclosed, resulted in
24 criminal convictions.  In that case, among others, he asserted
   the defense that he relied in good faith and upon the mistaken
25 belief that his actions were justified under law.  Mr. Reed has
   represented himself throughout proceedings with the United States
26 and has no basis to claim reliance on the advice of the "Freedom
27 Law School."

28

                            9

1  United States may enforce a judgment of foreclosure enforcing an
2  unpaid income tax obligation at any time.  *United States v.*
3  *Summerlin*, 310 U.S. 414, 416 (1940); *United States v. Overman*,
4  424 F.2d 1142, 1147 (1970).  Mr. Reed's arguments that transfers
5  of the subject property to the Reed Family were not properly
6  reflected on the title report, attached to the Declaration of
7  Chief Title Officer Paul Kane, filed by the United States in
8  support of the Motion for Default Judgment, is without legal
9  consequence.  George Loren Reed does not dispute and has never
10 disputed, that George Raymond Reed and Gladys Reed held title to
11 the subject property before they fraudulently transferred the
12 real property to the Reed Family Trust, (or other sham trusts).
13 This was previously adjudicated in an order voiding fraudulent
14 transfers from George Raymond Reed and Gladys Reed to the Reed
15 Family Trust.  Such transfers to the Reed Family Trust or to
16 other parties whether or not reflected on the title report, are
17 irrelevant.

18      The final factor is prejudice to the United States.  As the
19 United States argues, George Loren Reed has been in active
20 conflict with the United States since the mid-1980s, over 20
21 years.  Both civil and criminal proceedings concerning Mr. Reed
22 and the property have been complex and extended.  A valid and
23 subsisting judgment for foreclosure sale of property has finally
24 been entered.  The United States would be severely prejudiced if
25 further delay were occasioned which would defeat the strong
26 public policy in favor of prompt collection of taxes.  *Franchise*
27 *Tax Board of California v. United States Postal Service*, 467 U.S.
28 512, 523 (1984).

1    The applicant, George Loren Reed, has failed to establish
2  any of the required elements to justify the setting aside of the
3  default judgment pursuant to Rule 60(b)(1).

4            b.   Rule 60(b)(3) - Fraud.

5    Mr. Reed seeks to set aside the default judgment on the
6  basis of fraud.

7    The burden of proof of fraud is on the moving party, fraud
8  must be shown by clear and convincing evidence, and it must have
9  prevented the moving party from fully and fairly presenting his
10 case.  Wright, Miller & Kane, Federal Practice and Procedure:
11 Civil 2d § 2860, pp. 312-313.

12   As concluded above, Mr. Reed's arguments that transfers of
13 the subject property to the Reed Family were not properly
14 reflected on the title report, attached to the Declaration of
15 Chief Title Officer Paul Kane, filed by the United States in
16 support of the Motion for Default Judgment, is without legal
17 consequence.   George Loren Reed does not dispute and has never
18 disputed, that George Raymond Reed and Gladys Reed held title to
19 the subject property before they fraudulently transferred the
20 real property to the Reed Family Trust, (or other sham trusts).
21 This was previously adjudicated in an order voiding fraudulent
22 transfers from George Raymond Reed and Gladys Reed to the Reed
23 Family Trust.  Such transfers to the Reed Family Trust or to
24 other parties whether or not reflected on the title report, are
25 irrelevant.  Therefore, Mr. Reed has not demonstrated by any
26 fraud, much less by clear and convincing evidence, and makes no
27 showing that any alleged fraud prevented him from opposing the
28 Motion for Default Judgment.

                              11

1  Mr. Reed is not entitled to have the default judgment set
2  aside pursuant to Rule 60(b)(3).

3  c.  Rule 60(b)(6) - Any Other Reason.

4  A party who moves to set aside a default judgment under Rule
5  60(b)(6) bears the burden of establishing "extraordinary
6  circumstances" to justify disturbing the judgment. *United States*
7  *v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996), *cert.*
8  *denied*, 522 U.S. 806 (1997).  "[A] party merits relief under Rule
9  60(b)(6) if he demonstrates 'extraordinary circumstances which
10 prevented him or rendered him unable to prosecute [his case] ...
11 The party must demonstrate both injury and circumstances beyond
12 his control that prevented him from proceeding with the
13 prosecution or defense of the action in a proper fashion."
14 *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th
15 Cir.2002).

16 For the reasons discussed above, Mr. Reed has not satisfied
17 this burden.[2]

18 C.  CONCLUSION

19 For all the reasons stated above:

20 1.  Defendant George Loren Reed's Application for Temporary
21 Restraining Order to Stay Vacation of Premises and Sale of
22 Property is DENIED;

23 ───────────────────

24 [2]Mr. Reed's objections to the admissibility of publicly and
25 readily available documents such as abstracts of judgment, court
   issued orders, judgments and findings of fact and conclusions of
26 law, are meritless.  The Court may take judicial notice of
   matters of public record, including duly recorded documents, and
27 court records available to the public through the PACER system
   via the internet.  *See* Fed. R. Evid. Rule 201(b); *United States*
28 *v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

1    　　2.　Defendant George Loren Reed's Motion to Set Aside

2    Default Judgment is DENIED; and

3    　　3.　Oral Argument set for March 5, 2007 is vacated.

4

5    Dated: February 1, 2007　　　　/S/ OLIVER W. WANGER

6    　　　　　　　　　　　　　　　United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28