1  McGREGOR W. SCOTT
United States Attorney

2

3  PAUL S. HAM
Trial Attorney, Tax Division
United States Department of Justice

4  P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683

5  Telephone: (202) 307-6421
Facsimile:  (202) 307-0054

6

Attorneys for the United States of America

7

8                UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA          Civil No. 1:05-CV-00431-OWW-LJO

12            Plaintiff,              **ORDER CONFIRMING JUDICIAL SALE**

13       v.

14  GEORGE LOREN REED, Individually and
as Trustee of the REED FAMILY TRUST;

15  DUANE REED, Individually and as Trustee
of the REED FAMILY TRUST; LIDCO

16  INC.; and SHIRLEY LUNDY,

17            Defendants.

18

19       A Final Judgment and Order of Judicial Foreclosure was entered by this Court in the

20  above-entitled action, on February 2, 2006, ordering, *inter alia*, that the money Judgment entered

21  against George Raymond and Gladys in the associated action (United States v. George Raymond

22  Reed, Civ No. F-88-106 EDP) be enforced against the subject property, described below.

23       1.       This action was commenced to enforce the money Judgment entered against

24  George Raymond and Gladys Reed against certain parcels of real property ("subject property")

25  located in Stanislaus County, California, which is particularly described as follows:

26  Parcel No. 1:

27       All that portion of west 1/2 of the southeast 1/4 of the southeast 1/4 of section 10
Townsip 3 South, Range 8 East, M.D.B.&M, which lies south of Lateral No. 7 of

28       Modesto Irrigation District.

Excepting therefrom all that portion of the west 1/2 of the southeast 1/4 of the southeast 1/4 bounded and particularly described as follows:

Commencing at the southeast corner of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10, above Township and Range; thence running north along the east line of said west 1/2 a distance of 20 feet to the north side of county road known as Beckwith Road to the point of beginning of this description; thence continuing north along the east line of said west 1/2, a distance of 125 feet to a point; thence west and parallel to the south line of said southeast 1/4 of said section 10, a distance of 135 feet to a point; thence south and parallel to the east line of the said west 1/2 of said southeast 1/4 of the southeast 1/4 of said Section 10, a distance of 125 feet to a point on the north line of said county road; thence east along the north line of said county road, a distance of 135 feet to the point of beginning.

Also excepting therefrom all that portion of the west 1/2 of the southeast 1/4 of the southeast 1/4 bounded and particularly described as follows:

Commencing at the southeast corner of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10; thence north and along the east line of said west 1/2 of the southeast 1/4 of the southeast 1/4 to the north side of the county road (Beckwith Road); thence west and along the north line of said Beckwith Road, a distance of 135 feet to the southwest corner of the property conveyed to Wood Colony Grange, No. 522 by deed, recorded December 24, 1937, as instrument no. 16207 and being the true pont of beginning of this description; thence north and parallel to the east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10 and along the west line of said Grange property 125 feet; thence continuing north and parallel to the east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10, 15 feet; thence west and parallel to the north line of Beckwith Road 75 feet; thence south and parallel to the east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of section 10, 140 feet to a point in the north line of said Beckwith Road; thence east and along the north line of said Beckwith road, a distance of 75 feet to the true point of beginning of this description.

Also exception therefrom all that portion of the west 1/2 of the southeast 1/4 of the southeast 1/4 bounded and particularly described as follows:

Commencing at the southeast corner of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10; thence north, on the east line of said west 1/2 of the southeast 1/4 of the southeast 1/4 of section 10, a distance of 145 feet to the northeast corner of the property conveyed to George Raymond Reed and Gladys Reed, husband and wife, by grand deed recorded in Book 2021 of official records, at page 165, Stanislaus County Recorders Office, and the point of beginning of this description; thence west parallel with the south line of the southeast 1/4 of said section 10, a distance of 135 feet; thence north parallel with the east line of said west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10, a distance of 100 feet; thence east, parallel with the south line of the southeast 1/4 of said section 10, a distance of 135 feet to the aforesaid east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said section 10; thence south, on said east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of section 10, a distance of 100 feet to the point of beginning.

Also excepting therefrom parcel A, as shown on a parcel map filed December 16, 1969 in Book 8 of parcel maps, at page 3, Stanislaus County Recorder, being a portion of the southeast 1/4 of the southeast 1/4 of Section 10, Township 3 south, Range 8 East, M.D.B.&M.

Parcel No. 2:

Parcel A:

All that portion of the west 1/2 of the southeast 1/4 of the southeast 1/4 bounded and particularly described as follows:

Commencing at the southeast corner of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said Section 10, above township and range; thence running north along the east line of said west 1/2 a distance of 20 feet to the north side of county road known as Beckwith Road to the point of beginning of this description; thence continuing north along the east line of said west 1/2, a distance of 125 feet to a point; thence west and parallel to the south line of said southeast 1/4 of said Section 10, a distance of 135 feet to a point; thence south and parallel to the east line of the said west 1/2 of said southeast 1/4 of the southeast 1/4 of said Section 10, a distance of 125 feet to a point on the north line of said county road; thence east along the north line of said county road, a distance 135 feet to the point of beginning.

Parcel B:

All that portion of the west 1/2 of the southeast 1/4 of the southeast 1/4 bounded and particularly described as follows:

Commencing at the southeast corner of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said Section 10; thence north, on the east line of said west 1/2 of the southeast 1/4 of the southeast 1/4 of Section 10, a distance of 145 feet to the northeast corner of the property conveyed to George Raymond Reed and Gladys Reed, husband and wife, by grant deed recorded in Book 2021 of Official Records, at page 165, Stanislaus County recorder's office, and the point of beginning of this description; thence west parallel with the south line of the southeast 1/4 of said Section 10, a distance of 135 feet; thence north parallel with the east line of said west 1/2 of the southeast 1/4 of the southeast 1/4 of said Section 10, a distance of 100 feet; thence east, parallel with the south line of the southeast 1/4 of said Section 10, a distance of 135 feet to the aforesaid east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of said Section 10, thence south, on said east line of the west 1/2 of the southeast 1/4 of the southeast 1/4 of Section 10, a distance of 100 feet to the point of beginning.

Parcel No. 3:

The west 120 feet of the east 642 feet of the south 170 feet of the southeast 1/4 of the southeast 1/4 of Section 10, Township 3 south, Range 8 east M.D.B.&M.

Excepting therefrom the south 20 feet.

The Adjoining Parcels:

All that portion of the Southeast 1/4 of Section Township 3, South Range 8 East M.D.B & M, as follows:

Commencing at the Southeast corner of said Section 10; thence North 20 feet to the North side of Beckwith Road; thence West along North side said road 642 feet to the point of beginning; thence continuing along North side road 15.85 feet more or less; thence North 776 feet more or less to the South line of a canal; thence Southeast along South line canal 15.85 feet more or less; thence South 776 feet or more or less to the point of beginning.

ORDER                                        - 3 -

<u>EXCEPTING THEREFROM the North 450 feet.</u>

2. For four weeks February 21, 2007, a Notice of Sale describing the subject property and summarizing terms of sale was published in the Modesto Bee, a newspaper of general circulation in the county in which the subject property is located.

3. On February 21, 2007, at 11:00 a.m., the United States offered the subject property for sale at public auction to the highest bidder.  The successful bidders, Dimas and Tracy Borba, bid $1,270,000 and paid a deposit of $130,000 to the United States Treasury.

2. As of the date of this Order, no objection to sale has been filed.

3. Upon receipt of payment in full, the Internal Revenue Service is hereby ordered and authorized to execute and deliver a Certificate of Sale and Deed conveying the subject property to the purchasers, Dimas and Tracy Borba.

4. On delivery of the Certificate of Sale and Deed, all interests in, liens against, or claims to, the realty that are held or asserted by the plaintiff or any of the defendants in this action are discharged.

5. Possession of the property sold shall be yielded to the purchasers upon the production of a copy of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the subject property to the purchaser.

6. The purchasers, Dimas and Tracy Borba, shall distribute the remaining balance of the purchase price, $1,140,000, in the order of priority as set forth below:

  A. $2,948.25 to the United States for its costs in effecting the sale;

  B. $1,798.12 to the Stanislaus County Treasurer for property taxes that have accrued on the subject property;

  C. $63,051.58 to Lidco, Inc., to satisfy the amount owed based upon its judgment lien against the subject property; and

  D. the remaining amount, $1,072,202.05, to the United States to be applied against George Raymond and Gladys Reeds' federal tax liabilities as set

1    forth in the Judgment (as of April 30, 2007, George Raymond and Gladys

2    Reed remain indebted to the United States in the amount of $1,338,270.73;

3    the foregoing distribution, combined with the earlier $130,000 deposit by

4    the purchasers, total $1,202,202.05 to be applied against George Raymond

5    and Gladys Reeds' unpaid tax debts).

6

7         IT IS SO ORDERED.

8    **Dated:    April 13, 2007**                    **/s/ Oliver W. Wanger**
                                                      UNITED STATES DISTRICT JUDGE